Good morning. We're ready to call our first case, Deutsche Bank National Trust. Counsel. Good morning, Your Honor. Brian Slipikoff, Dwayne Morris on behalf of Appellant. I'd like to request four minutes for rebuttal. Done. Thank you, Your Honor. The Pennsylvania Supreme Court has described it as a momentous event for the state to deem property forfeited for non-payment of taxes. Because of the momentous nature of this event, Pennsylvania legislature and the Pennsylvania courts have required that tax claim bureaus, which are responsible for the collection of taxes and sending out notices when tax sales occur, must strictly comply with the provisions of Pennsylvania's real estate tax system. Let me ask you a question. There was the upset sale before the tax sale. That's right, Your Honor. And my understanding of the statute is, or interpretation of the statute, that the mortgagee would have gotten notice of the upset sale. The mortgagee would have gotten notice of the upset sale, yes, Your Honor. I mean, wasn't that enough to put them on notice that something was going on? Certainly, notice of the upset sale occurring would put – would give them inquiry notice that it's possible that a sale would occur. But the statute requires service of the petition and then the rule for the judicial sale to follow. So the courts have required, again, strict compliance. So the fact that there may be some inquiry notice on the part of the mortgage holder or the owner of the property that an upset sale has occurred doesn't necessarily follow that a judicial sale will occur or has been ordered by the court. Do you continue to dispute in view of Section 1991 of the Statutory Construction Act that there was strict compliance with the registered mail provision because it includes certified mail? No, Your Honor. We were unaware of that section. In fact, the only decision that we found in the Pennsylvania courts, it was the trial court decision from Lehigh County, which discussed the difference between registered mail and certified mail, didn't cite that section. So we were unaware of that section. So we concede that the fact that it was sent by certified mail is not sufficient to invalidate the sale or vitiate the investiture of the lien if that was the only issue. There are two other issues here that we still press. And the first such issue is that immediately prior to the filing of the petition for the judicial sale of the property, the tax claim bureau accepted and received a check from Hawkwind Loan Servicing, which was the servicer for the owner of the mortgage. The payment was set for taxes. It was accepted. The check was cashed. And yet, two days later, when the tax claim bureau sends out notices, notwithstanding the fact that it's aware that Hawkwind is responsible for the payment of taxes and that it's aware. So there was a mistake, right? Plenty of mistakes all around here. We wouldn't be here. But how does that change what Judge Roth asked you about? If there's, does the principle of inquiry notice have applicability here? If MERS gets word about this, is that attributable to Deutsche Bank? And if it is, isn't there some reasonable notice that, hey, you're in trouble, you got to do something? Certainly, MERS received some notice. We don't dispute that. The case was very clear, though. Is that what, in fact, induced the tax payment by Hawkwind? That's not in the record. I don't believe that that's the case. Because the tax, the payment came before service of the filing, even the filing of the petition. But it came, did it come before the, what do you call it? The upset sale? The upset sale. Yes, it would have come after the upset sale. So the question stands, if, is it a fair inference from the record that, you know, Hawkwind didn't just decide, hey, let's give money to the Tax Claim Bureau? That it was responding to what it knew was a problem. I think it's, I think you can certainly read from the, infer from the record that Hawkwind was aware there were delinquent taxes on the property, and that's why it tendered payment. But again, the issue isn't whether, and again, the Pennsylvania cases are very clear on this. Often in these cases, there is neglect on the part of the owner. But the focus is not on the neglect of the owner. It's on whether the Tax Claim Bureau did what it was supposed to do. What was the prejudice here to MERS? MERS is the record owner, right? MERS is the record mortgagee, yes. Okay, so there's no obligation to get notice to Deutsche Bank. That's on Deutsche Bank, right? I mean, if their notice is given to MERS, that's all that's required, right? If notice is given to MERS at its last known address, yes. Yeah. And notice, in fact, is given to MERS. There's an incorrect address, but the meets and bounds description is all in there accurately. And the district court opinion by the magistrate judge says it's axiomatic that if you've got a more specific description, then that's ample notice. Why is that wrong? Well, I think there's two issues in your question, Your Honor. I'll answer the second issue first, which is the question of prejudice and the variance between the meets and bounds and the property address. The prejudice here is established by the record, which is the undisputed evidence that a delivery of the petition to MERS, even had it been done properly, wouldn't have apprised MERS, wouldn't have properly apprised MERS of the address, the property that was being sold because MERS doesn't… Well, that's the question, right? According to the… How is the district court wrong in saying the meets and bounds description is adequate? Well, Your Honor, the cases that the district court cited and that the appellees cite for the proposition that meets and bounds trumps property address, none of them involve sales under the real estate tax law there. Most of them involve situations where there's inconsistent descriptions within a single document, such as a mortgage. The issue that we have here is, and I think the court has to really focus on this, the prejudice, the errors that were in the petition, it's not just a one-off, a single typo. Sometimes lawyers look through documents and then they seize on something and say, aha, this will save me. If you look through the entire petition, there are no less than seven times that the address of the property is misstated, three times in the petition. It doesn't list the correct property address in the petition itself. How does MERS index the properties it represents? By parcel number, by street address, by both? By street address, Your Honor. And is the tax bureau aware of how MERS or other such mortgage representatives index the properties they represent? That's not in the record, but my supposition would be not, that tax claim bureaus aren't aware of how either MERS or any mortgage holder necessarily contains their own records regarding which properties they have a mortgage on and which they don't. But again, if you look at the petition… Again, on the question of inquiry notice, if they get a document from a tax claim bureau and it says, tax is going to be taken against this property, does MERS have any responsibility itself to say, well, I don't see something of ours at this property, but maybe that means we need to look into this more. Maybe we need to look at what the meets and bounds are. Maybe we need to get in touch with the tax claim bureau. You seem to indicate that there's no obligation at all on the taxpayers. The onus is entirely 100% on the tax claim bureau and there's no responsibility on the owner. Maybe that's the state of the law, is it? Again, Your Honor, I'd point to the innumerable cases that say that the focus isn't on the neglect of the owner. It's on the tax claim bureau to prove its strict compliance. I hear what you're saying and if this were a case… I'm asking questions. I'm not making a point. I'm just trying to ask the question because there was some notice to MERS. The meets and bounds were accurate. The address was off by one number and the question is, under those circumstances, does the person receiving this document that says, hey, we're going to sell your property, have to do anything or say, well, that's not my property. I own the piece next door because that's not my property. I would say, depending on the circumstances, obviously, but in this case, again, with the number of errors in the petition, again, this isn't just a one-off instance where there's one error and then everything else is correct. There's a substantial doubt when you read the petition as to what property is being sold. When you say there's multiple errors, it's the same mistake in address. It is the same error. It's just the same error repeated. Now, in a circumstance like this, let me ask you this. Does Deutsche Bank, at the end of the day, is the remedy for Deutsche Bank against MERS or against the Tax Claim Bureau? There's an agency relationship there. Who blew what? Well, assuming that the service on MERS was sufficient given the errors we identified in the petition and the fact that we contend it was sent to the wrong address, I would assume that if the court were to determine that the mortgage was divested, then it would be a matter between Deutsche Bank and MERS regarding whether MERS properly performed its duties. Why isn't there our best guidance on what the state supreme court would do? The two state supreme court cases that we have, Somerville and that Shimkus case that is referenced in KB Hanna Bank, in both of those, I mean, in Shimkus, which was a Rule 3129 case, but there was no street address, and the court said it was still sufficient in terms of notice of the sale of real property because it contained an accurate and even balanced description. And in Somerville, the Pennsylvania Supreme Court concluded that it wasn't misleading even though the street address was incorrect because there was an accurate and balanced description. I mean, it's a very old case, but it's dealing with the version then of at least an upset tax sale. Why doesn't that tell us how the Pennsylvania Supreme Court would look at this situation? Well, to answer the question with respect to Somerville, I would say Your Honor mentioned the point that the court determined that no one was misled. Here, again, we have evidence of prejudice in the record. It was unrebutted. There was no dispute as to, and there is no counter evidence suggesting that the fact that the description in the petition was incorrect, the property address was incorrect, actually caused prejudice both to MERS, and if, in fact, MERS had even been able to forward the petition to AQUIN, AQUIN would not have been able to identify it either. But that seems to beg the question because the court's reasoning in Somerville was that the reason it wasn't misleading or wasn't intended to be misleading was because there was an accurate, neat and balanced description. Why doesn't that fit? Why isn't that on all fours with our case here? Well, we don't know. Obviously, we don't know what the evidence was in Somerville with respect to whether there was any prejudice or the purchase hasn't been misled. I think the issue that we have here is that in all these cases, whether you look at the Alden case, whether you look at Somerville, the courts repeatedly mention the question of misleading or prejudice. And here we have evidence of prejudice that wasn't evident there. And certainly with respect to the other case Your Honor mentioned in the KEB case that was cited, we don't contend that the tax sale law requires inclusion of a property address. All that's required is the property be described. The issue and the problem in this case is that the petition had a number of errors. As Judge Jordan said, it was the same error, but it was repeated multiple times in multiple dockets. In fact, it continued so long that it was actually in the tax claim deed that the purchaser got from the tax claim bureau. So here you have errors in the petition that cause prejudice. If there had been no property address, if it had just been meets and bounds or a parcel ID number, would that have been sufficient? It probably would have been. But wouldn't there, you know, if you're looking for a cure, what will our decision do? What sort of cure could there be? To me, it seems the easiest cure would be for for murderers when it gets a document with the parcel number and the street address to check them both and to record the parcel numbers. And in that, in the facts of this case, that would immediately turn up the correct parcel because the parcel number was correct in all the attached documents. And it certainly typos, mistyping of addresses is something that in spite of being very careful could always happen. And what would be the best way to solve this problem? I think the best way would be to require both the parcel number and the street address to be matters of record that are double checked. I don't disagree with your honor. But again, the fact remains that the evidence in the record is that MERS didn't do it that way. They didn't index for parcel IDs. Maybe that ought to be between Deutsche Bank and MERS rather than between Deutsche Bank and the tax board. Right. But again, the issue we have here is that the petition, given the errors that are in it, it frankly caused MERS to be misled with regard to which property is being sold. So, thank you. Thanks. We'll have you back on rebuttal. Mr. Joyce. Thank you, your honor. Joe Joyce for the Lackawanna County Tax Claim Bureau. Intervener below appellee. Co-appellee, Bendex Properties LLC has yielded their time to me for purposes of today's argument. As your honors are aware, this appeal presents three challenges which are at bottom a statutory appeal. So, the General Assembly has . . . True. Now, isn't it fair to say that the Pennsylvania Supreme Court, Commonwealth Court, every court to look at these cases has been emphatic that the onus is on the Tax Claim Bureau to get it right. That the obligation, when you're talking about forfeiting property, which is, as your learned colleague pointed out, a momentous event, the onus is squarely on the Tax Claim Bureau to have it accurate. I agree, your honor. Okay. So, how can it be said to be accurate unless the wrong address? Well, your honor, we have to be accurate in the bounds of the real estate tax sale law. As was conceded, the real estate tax sale law doesn't require the Tax Claim Bureau to put a street address on the judicial sale petition. True, but if you choose to put it . . . if you choose to put an address on and you put it on incorrectly, how is that being accurate, right? Because the judge under 612, if I'm remembering correctly, Retzel, the obligation of the court is to be satisfied both that the service of the rule has been made in the manner provided and that the facts stated in the petition are true. How is it true to put an incorrect address in? Well, your honor, obviously a typo would never be correct. But when you have the deed for the property attached to the petition, when you have a title search summary that identifies the mortgage, when you have the proper name of the mortgagee . . . No, your honor. Right. Nobody, because we operate by addresses. That's the reason we have addresses. The very purpose of having an address is because it's impractical to expect people to walk around with the longitudinal and latitudinal degrees in their mind. Same reason we have addresses for our computers, websites. We don't try to memorize lengthy lists of numbers so that we can identify the computer destination. We use these because that's how people operate. Since we know that that's how people operate, isn't the obligation on the Tax Claim Bureau to say it correctly, not to repeatedly misrepresent, even if it's mistakenly, what the property is that they're talking about? Because people don't operate by meets and bounds. They operate by addresses. Your honor, I agree that people operate by addresses, but there's many properties that don't have addresses. For instance, landlocked parcels, undeveloped parcels, unimproved parcels. You may have just a route number where that parcel is located. But in that circumstance, all the parties would be working off of the commonly understood identifiers. Here, as you conceded, the commonly understood identifier is a street address. And where there's an assertion of actual prejudice because of reliance on that mistaken address. And even if you have ambiguity in the documents that were sent, why isn't that resolved in favor of the interested party and against the tax bureaus where the onus lies to get it right? Your honor, as the Commonwealth Court in Pinto, there was a wrong property identifier. That was not a fatal defect. Here, like I said, we had the deed. We had the title summary that identified their mortgage. But don't you also require a sheriff's return that proper service has been made? Yes, your honor. And the sheriff's return said there is no 744 North Lincoln. That was to the owner, your honor. So that portion of the case, whether the sale is sustained or not, has not been raised on the appeal. The only issue on appeal is whether Deutsche Bank's mortgage survives the sale. True. But that doesn't answer the point that I think is explicit in Judge Roth's question, which is weren't you on notice then, right? You're talking about notice and you're trying to say they should have been on notice even though we gave them the wrong address. Wasn't the tax claim bureau on notice that that was, that that was not the property in question because the agent of the tax claim bureau, the sheriff had told the tax claim bureau that is not an address. There's nothing there. I would have to concede that as well, your honor. OK. So if you're actually on notice, the tax claim bureau is actually on notice, hey, this isn't the property, how is the system supposed to work if you can proceed to forfeit property and say, well, you know, they knew, they should have known. You actually did know that wasn't the address. You, not you personally, the tax claim bureau embodied in yourself as you stand at the podium, knew that it wasn't there because the sheer fascist effort was a failure. Right. Due process was satisfied. MERS got notice of the risk that their collateral was in. They had an opportunity, but they took no action. If a mortgage company cannot identify its own mortgage or the mortgage or of the property, I think they're on the wrong line of work. The question is whether you misled them, right? That's the issue that we're wrestling with. We hear from the other side, not without some ammo in their guns, that they actively misled us. They said a property was at risk, which is not the property that MERS had an interest in. They were misled by it, and indeed, they knew it wasn't the property because the sheriff had told them it wasn't the property. And yet they want to have the property and enjoy the fruits of it. How, they say, is that consistent with Retzel? So that's the problem we're wrestling with. That's the problem you've got to answer. How can it be consistent with Retzel, which is consistently said by the courts of Pennsylvania to require strict compliance by a tax claim bureau to repeatedly misidentify the property by address after knowing the property is not there because of the sheriff return and then say, it's all good. Let us keep the property. Their lien is extinguished. How does that work consistently with what the courts in Pennsylvania have said about Retzel? Retzel doesn't require a street address. Yeah, but you gave one. That's the point. There's no lack of strict compliance with the statute. But it requires true facts in the petition and rule. I think the typo, which we acknowledge, is overcome by all the other more specific identifiers of the property. All they have to do is look through the petition. The tax bill with the right address, with the owner's name, is there. The deed's there. The identity of their mortgage is there. They had a lot of different ways. They were certainly put on notice that this property was in jeopardy of being sold for non-payment of taxes. Your response suggests that this comes down to where the onus lies. Who's got the ultimate responsibility here? Why shouldn't we conceptualize this in terms of there was an error, as you acknowledge, and the facts in the petition rule were not, in fact, true as to the address. You're raising what's, in essence, an affirmative defense of inquiry notice on their part. But particularly on the facts here, where not once but twice, the sheriff came back and advised that there was no property at that address. Why isn't it the tax bureau's own malfeasance that functions as estoppel and prevents the tax bureau from raising an affirmative defense of inquiry notice? Your Honor, I think, and I don't want to keep repeating myself, but for the same reasons, that notice was to the owner. And you correctly state the record. But the real estate tax sale law is just a due process mechanism created by the General Assembly. It provides us with guidelines on how to conduct the business of the tax claim bureau. We've complied with all the provisions of the real estate tax sale law. MERS, the record owner of the mortgage, was provided with notice of the tax sale in compliance with the real estate tax sale law. There was sufficient information to put them on notice of the property at issue. And I don't think the whole thing unravels because of a typo. Well, when you say because of a typo, that certainly does minimize it. But as your colleague has pointed out, this was an error in identifying the property that was repeatedly made and, as you've conceded, is the way that people generally function. They don't go look at the meets and bounds. They look at the address and pay attention to the address. Let me shift gears by asking, just as a matter of policy, whether what you're suggesting is consistent with what the statute and the courts have told us about Retzel. This is a language from the Pennsylvania Supreme Court. Quote, somehow over the years, taxing authorities have lost sight of the fact that it is a momentous event under the United States and Pennsylvania constitutions when the government subjects citizens' property to forfeiture for the nonpayment of taxes. How is it, I mean, how is it consistent with that very emphatic warning to allow the Tax Claim Bureau under these circumstances, where the Tax Claim Bureau is on notice, to rely on what is concededly an inaccurate statement for the sale? I mean, do we need to be concerned about the larger policy issue here? I don't think so, Your Honor. I think that acknowledgment is rooted in the 14th Amendment, pre-deprivation procedural due process and its importance. And I think what they're saying is that the General Assembly has created a scheme whereby we're going to comply with pre-deprivation procedural due process. So the question is adequate notice, right? Because you'd have to concede there has to be adequate notice. Absolutely. Okay. So the question is, is it adequate to give the wrong address if your meets and bounds description is okay? That's the bottom line, is it? Yes. Okay. And so if we were to disagree with you and say, well, people don't generally operate by meets and bounds and they shouldn't be required to operate by meets and bounds if the Tax Claim Bureau can't be bothered to get the address right, that's tough for the Tax Claim Bureau. That's one route, right? But your route is to say that the onus is on them to check the meets and bounds, correct? Your Honor, I believe if they have a mortgage, they should be able to identify their own mortgage. If I'm expressly telling them their mortgage appears at deed, book, and page, such and such, and they hold an interest in this property, they could be able to untangle that. Right. They should be able to untangle it. That's exactly the point. It's on them to untangle it if there's a tangle. That's the Tax Claim Bureau's legal position before us today. Your Honor, I think our position would be we're identifying the property correctly. But you acknowledge there's a tangle here. You cannot acknowledge that. There is, in fact, a tangle here. We wouldn't be sitting here if the Tax Claim Bureau had not misidentified the property repeatedly in the notice. And you are on notice from the Sheriff's return that you have misidentified the property. Yes, Your Honor. OK. A solution would be a street address is not required by the statute. But if you put it on, you better put it on right. Yeah, the solution would be to get it right. By the government that wants to take the property of the citizen to get it right. You know, there's the tort claim theory. You don't have to put a lighthouse on this point. But if you put a lighthouse there, you better operate it correctly. I agree it was an error. But again, if we have the tax bill with the right address owner's name, you have the deed, you have the mortgage identified, I think there is enough there that they are on, that is adequate notice. Well, again, we're trying with this case to predict what the State Supreme Court would do. And don't we have at least two cases from the Pennsylvania Supreme Court that are looking at an absent street address or an incorrect street address and are explicit that they're reaching their holding because they're concluding that there was in fact no prejudice. Both Shimkus and Somerville have the court paying attention explicitly to the fact that there was no claim that the interested party in fact lacked notice. Doesn't that tell us that the Pennsylvania Supreme Court ultimately in interpreting Rexel is bringing a sort of overlay of that due process concern and would look at the combination here of the technical typo error and the assertion of actual prejudice as being sufficient to revive the lien? I agree, Your Honor, but I think the Supreme Court's rulings would go into the benefit of the Tax Claim Bureau. If meets and bounds are sufficient in those instances, they would be here. Just like in one of the other claims to set aside the sale completely, Deutsche Bank was on inquiry notice because a deed was filed, which only has meets and bounds in it. So they were precluded from litigating whether the sale should be set aside in whole because of the notice the deed put them on. But here, the distinction, I don't think you're speaking to what Judge Krauss has put to you, which is here we have an assertion of prejudice. Do you agree or disagree that the lien holder here was prejudiced because MERS was, in fact, given information which was not fully accurate? I disagree. And you disagree because your assertion is the inquiry notice. The notice you got was good enough so that that shouldn't be viewed as prejudice, right? Yes, Your Honor. And for all the other – if you can't identify a mortgagor that you do business with by name, if you can't identify your own mortgage, tax map numbers, things of that nature, I think it's your systems that are flawed, not the real estate tax law. Can you put us to a single Pennsylvania case where there was a deficient notice, particularly a deficiency in the address of a property, and the court acknowledged actual prejudice and said, notwithstanding actual prejudice, we're going to extinguish the interest here? I think the closest case would be the Pinto case that the court brought to our attention. There was an error in the spelling of a name and the numbers for the property, and that notice was not received by the owner at all. So I can't imagine greater prejudice than not receiving notice at all. Let me ask you a last question. If we decide against you, should the sale be canceled out or should the sale be encumbered by the mortgage? It would be encumbered by the mortgage. The underlying attempt to set aside the sale has been denied by the district court and was not presented on appeal. All right. Thank you very much, Mr. Joyce. Thank you, Your Honor. You slipped off your rebuttal, please. Thank you, Your Honor. A couple of brief points. Dangerous when lawyers say that. The issue that we have is when you look at the appellee's argument, it's essentially Deutsche Bank, MERS, AQUA, and these are all sophisticated commercial entities that deal in mortgages all the time, and they should be able to figure this out. But the requirements of the tax sale law, the requirements of notice apply to everyone, whether it's the mortgage holder or the owner. Gotcha. Why don't you respond to the question by your colleague's final point, which is Pinto tells us that you can have notice, it's worse than this, and you're okay. Well, I think there's a couple points with Pinto. If you look at the Tracy case, which is the case that Your Honor is reading from the momentous event language, the Tracy case pretty clearly disapproves of Pinto. How so? It lists it in a number of Commonwealth court cases describing what notice is sufficient under the tax sale law and says the trial court, the Commonwealth court's holding in this case was consistent with those decisions, but we have to determine whether those decisions are consistent with due process. And then went ahead and finished up its, reversed the Commonwealth court in that case and finished up its opinion with that quote that Your Honor read. But even taking Pinto on its own terms, in Pinto, the name was misspelled and the court, and there's another case, Aldheim where the name was misspelled, but in those cases, the question is prejudice. Has any prejudice been shown from the fact that there was an error in the description of the name of the person? In Aldheim and Pinto, there wasn't any. Here there is. With respect to the misidentification of the property, the Commonwealth court's opinion makes clear that while it was mistaken in the first notice, there were subsequent notices sent out that corrected the property address. So therefore the, the holders would have been on notice that in fact. They ended up getting actual notice. Right. How about your colleague's assertion that you're really not prejudiced here because you did get adequate notice and that's all the law requires. Does the question of adequacy of notice and prejudice collapse into a single inquiry? I think so. But, but again, the, the, if this were a one-off error, a single error, everything else is pointing in the correct direction. And then there's one typo in one part of the petition. You may have a different case, but if you look at the petition, it's, and I don't want to beat a dead horse, but it's throughout the petition. It's in the, it's three times in the position itself. And in the caption of the case. In the caption of the case, your honor, it's exhibit C it's in the, it's in the, the D that the tax claim Bureau wound up issuing to the purchaser at the sale. So this was a pervasive error throughout. And as your honor mentioned during my co-counsel, my opponent's argument, they were on notice of the fact that there wasn't a mistake. They received not one, but two returns of note returns of service from the sheriff saying this is a bad address. There is no seven 47 North Lincoln. So in the face of that, they just plowed ahead instead of, instead of trying to ensure that a correct petition was sent out with the right address. And again, just to circle back to my, the point I was making originally, the, the property owner here was a woman named Buck. If, if Ms. Buck had received this petition, as your honor pointed out, no one knows what their parcel ID number is. No one knows what the meats and bounds of their property is. If Ms. Buck had received this, she would have thought seven 47 North Lincoln. That's not my address. And, you know, just because Deutsche bank is more sophisticated than Ms. Buck, the rules are the same. The requirements of the law are the same. And the requirements that, that prejudice not be befall because of an error. Which, which address appeared in the upset tax sale notice. I have to admit your honor. I don't, I don't know that it's not in the record. Thank you. Thank you. Appreciate both councils argument. We'll take the matter under advisement.